[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10390
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20619-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY WILLARD JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 2, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Johnson appeals his conviction and 235-month sentence for

possession of a firearm and ammunition by a convicted felon, in violation of 18

U.S.C. §§ 922(g)(1), 924(e).  On appeal, Johnson raises several arguments.  First, Johnson asserts that the district court erred in denying his request for a continuance to retain new counsel on the morning of trial.  Second, Johnson contends that the district court erred in forcing him to stand trial in identifiable prison clothes.  Third, Johnson argues that the district court abused its discretion when it denied his motion *in limine* to exclude evidence regarding a shooting that occurred on the night of his arrest.  Fourth, Johnson asserts that his conviction should be reversed pursuant to the cumulative error doctrine.  Fifth, Johnson contends that he was erroneously sentenced under the Armed Career Criminal Act ("ACCA") because it violates the Sixth Amendment, is unconstitutionally vague, and because the district court erred in determining that his prior felonies were committed on different occasions.  Finally, Johnson argues that his sentence was both procedurally and substantively unreasonable.

## I

We review the denial of a request for a continuance for an abuse of discretion.  *United States v. Baker*, 432 F.3d 1189, 1248 (11th Cir. 2005).  The Sixth Amendment right to have the assistance of counsel encompasses the right of a criminal defendant who has the means to retain counsel to choose who will represent him.  *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 126 S.Ct. 2557, 2561, 165 L.Ed.2d 409 (2006).  The Supreme Court has held that deprivation

2

of the right to counsel of choice is a structural error, and a defendant need not show prejudice or ineffectiveness to prove a violation of this right. *Id.* at 148, 150-51, 126 S.Ct. at 2563-65.

Nevertheless, the right to counsel of choice is not absolute, and trial courts have wide latitude to balance the right to counsel of choice against the needs of fairness and the demands of the court's calendar. *Id.* at 152, 126 S.Ct. at 2565-66. Accordingly, not every denial of a request for a continuance will violate the right to counsel of choice. *See Baker*, 432 F.3d at 1248 (citing *Ungar v. Sarafite*, 376 U.S. 575, 589-91, 84 S.Ct. 841, 849-50, 11 L.Ed.2d 921 (1964)). Thus, a defendant is entitled only to a fair or reasonable opportunity to select the attorney of their choice. *Id.* In determining whether the denial of a continuance violated a defendant's opportunity to choose counsel, we consider several factors including the length of the requested delay, whether alternative counsel is available and prepared for trial, the inconvenience of a delay to those involved in the trial, and whether the reason for the request is legitimate. *Id.*

Here, the district court did not abuse its discretion in denying Johnson's last-minute motion for a continuance to retain new counsel. The delay Johnson requested was not insignificant, and would have inconvenienced the court, the witnesses, and the citizens called for jury duty. Furthermore, appointed counsel was present and prepared to proceed to trial. Accordingly, we affirm.

## II

It is a Fourteenth Amendment violation to compel a criminal defendant to stand trial before a jury in identifiable prison garb. *United States v. Graham*, 643 F.3d 885, 895 (11th Cir. 2011). If such a constitutional error has occurred, we review to determine whether that error is harmless beyond a reasonable doubt. *Id.* We have stated that overwhelming evidence of a defendant's guilt renders the error occasioned by a defendant's appearance in prison clothes at trial harmless beyond a reasonable doubt. *United States v. Harris*, 703 F.2d 508, 512 (11th Cir. 1983).

It is undisputed that the district court erred when it failed to briefly delay the trial so that Johnson might change into civilian clothing. Nevertheless, we hold that the evidence of Johnson's guilt presented at trial was overwhelming, and that the district court's error was therefore harmless beyond a reasonable doubt. Accordingly, we affirm.

## III

We review a district court's rejection of a defendant's Rule 403 challenge for an abuse of discretion. *United States v. Jernigan*, 341 F.3d 1273, 1284 (11th Cir. 2003). Federal Rule of Evidence 403 permits district courts to exclude relevant evidence if its probative value is substantially outweighed by a risk of unfair prejudice. Fed.R.Evid. 403. In a criminal trial, relevant evidence is inherently prejudicial, thus, Rule 403 permits exclusion only when unfair prejudice

substantially outweighs probative value.  *United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007).  In reviewing issues under Rule 403, we view the evidence in the light most favorable to its admission.  *Jernigan*, 341 F.3d at 1284.  Therefore, we will find an abuse of discretion only where the decision to admit evidence over a Rule 403 challenge is unsupportable even when viewed in the light most supportive of admission.  *Id.* at 1285.

Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes to prove a defendant's character.  Fed.R.Evid. 404(b).  However, evidence of criminal activity other than the charged offense is not inadmissible under Rule 404(b) where it is necessary to complete the story of the crime or inextricably intertwined with evidence regarding the charged offense.  *Edouard*, 485 F.3d at 1344.  Thus, evidence pertaining to the context of the crime is properly admitted if it is linked in time and circumstances with the charged offense or forms an integral and natural part of an account of the crime.  *Id.*  Additionally, the district court can diminish the prejudicial impact of such evidence by instructing the jury that the evidence was to be considered for a limited purpose.  *See United States v. Cardenas*, 895 F.2d 1338, 1344 (11th Cir. 1990).

The decision whether to impose sanctions for discovery violations lies within the district court's discretion, and we review such rulings for an abuse of discretion.  *United States v. Yates*, 733 F.3d 1059, 1063, 1065 (11th Cir. 2013),

5

*cert. granted in part*, 134 S.Ct. 1935 (2014).  Accordingly, we will reverse a defendant's conviction based on a violation of Federal Rule of Criminal Procedure 16 only if that violation prejudiced the defendant's substantial rights.  *United States v. Chastain*, 198 F.3d 1338, 1348 (11th Cir. 1999).  The purpose of Rule 16 is to protect the defendant's right to a fair trial, thus, a defendant's substantial rights are affected when the defendant is unduly surprised and lacks an adequate opportunity to prepare a defense.  *United States v. Camargo-Vergara*, 57 F.3d 993, 998-99 (11th Cir. 1995).

Viewing the evidence in the light most favorable to admission, the district court did not abuse its discretion by admitting the 911 call and evidence regarding the shooting over Johnson's Rule 403 objection, because they provided context for the jury and the district court diminished their prejudicial impact by providing limiting instructions.  Likewise, the district court did not abuse its discretion in declining to impose sanctions for the government's Rule 16 violation because Johnson's substantial rights were not affected.  As such, we affirm.

### IV

Under the cumulative error doctrine, an aggregation of nonreversible errors can result in the denial of a defendant's right to a fair trial, warranting reversal.  *United States v. King*, 751 F.3d 1268, 1277 (11th Cir. 2014).  However, where there is no error or only a single error, there can be no cumulative error and

reversal is not warranted. *Id.* at 1277-78. In addressing a claim of cumulative error, we examine the trial as a whole to determine whether the defendant was afforded a fair trial. *United States v. Lopez*, 590 F.3d 1238, 1258 (11th Cir. 2009).

The only error that Johnson has demonstrated is the district court's failure to provide him the opportunity to change into civilian clothing before standing trial. As discussed above, this error was harmless and the remaining trial errors alleged by Johnson lack merit. Accordingly, because Johnson has only demonstrated a single error, the cumulative error doctrine does not apply and we affirm.

## V

We review constitutional challenges to a sentence raised before the district court *de novo*. *United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir.), *cert. denied*, 134 S.Ct. 311 (2013). However, issues raised for the first time on appeal are reviewed only for plain error. *United States v. Day*, 465 F.3d 1262, 1264 (11th Cir. 2006). Under the plain error standard, the defendant must demonstrate four factors: (1) there was an error, (2) the error is plain, (3) the error affects substantial rights, and, if the foregoing three factors are met, (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993).

An error is plain if it is clear from either the plain meaning of a statute or constitutional provision, or from a holding of the Supreme Court or this Court.

*United States v. Pantle*, 637 F.3d 1172, 1174-75 (11th Cir. 2011).  An error affects substantial rights when it is prejudicial to the defendant, meaning the defendant must show that the error affected the outcome of the district court proceedings. *Olano*, 507 U.S. at 734, 113 S.Ct. at 1778.  Finally, an error seriously affects the fairness, integrity, and public reputation of the judicial proceedings if failure to correct the error would result in a miscarriage of justice.  *Id.* at 736, 113 S.Ct. at 1779.

Section 922(g) of Title 18 of the United States Code prohibits the knowing possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1), which ordinarily carries a maximum penalty of 10 years' imprisonment, *Id.* § 924(a)(2).  The ACCA, however, provides that a person who violates § 922(g) and has three previous convictions for a violent felony, committed on different occasions from one another, is subject to a minimum term of 15 years' imprisonment.  *Id.* § 924(e)(1).  Crimes are committed on different occasions for purposes of the statute when they arise out of separate and distinct criminal episodes.  *United States v. Sneed*, 600 F.3d 1326, 1329-30 (11th Cir. 2010).  Even small distinctions in time and place are sufficient to separate criminal episodes from one another; thus, offenses will be distinct as long as some temporal break occurs between them.  *Id.* at 1330.

In *Shepard v. United States*, 544 U.S. 13, 26, 125 S.Ct. 1254, 1263, 161

L.Ed.2d 205 (2005), the Supreme Court held that in determining whether a prior conviction qualifies as an ACCA predicate offense, sentencing courts may only consider a limited set of documents.  The documents on which a court may rely under *Shepard* are the charging document, a written plea agreement, the transcript of the plea colloquy, any explicit factual finding by the trial judge to which the defendant consented, or some comparable judicial record of this information.  *Id.* at 16, 26, 125 S.Ct. at 1257, 1263.  In addition to *Shepard* documents, we have held that sentencing courts may rely on undisputed facts contained in a presentence investigation report ("PSI").  *United States v. Ramirez-Flores*, 743 F.3d 816, 820 (11th Cir. 2014).  We have also held that sentencing courts are limited to *Shepard* documents in determining whether prior felonies were committed on different occasions.  *Sneed*, 600 F.3d at 1332-33.

Johnson argues for the first time on appeal that, after *Descamps v. United States*, 570 U.S. __, 133 S.Ct. 2276, 2284-85, 186 L.Ed.2d 438 (2013), the sole purpose of an inquiry under *Shepard* documents is to discern the elements of the prior offense of which a defendant was convicted, and any "factual" inquiry pursuant to *Shepard* is limited to facts constituting the elements of the prior offense.  Because the date and time of the prior offense are not elements, Johnson argues that *Shepard* documents cannot be used to prove them.  We cannot conclude that the district court committed plain error in this regard.  *Descamps*

9

itself did not address how courts should determine whether prior felonies were committed on different occasions. Prior to *Descamps*, this court has consistently held that district courts may determine whether prior crimes were committed on separate dates, so long as they limit themselves to *Shepard*-approved documents, *United States v. Weeks*, 711 F.3d 1255, 1259 (2013), and post-*Descamps Weeks* itself implicitly so held although it did not address the precise argument now raised by Johnson.

Again for the first time, Johnson argues in the alternative, even if use of *Shepard* documents is permissible as proof of date and time, the district court nevertheless erred in relying on the PSI's statement of facts indicating that at least three of the qualifying convictions occurred on different dates. Johnson cites as error the fact that the PSI itself relied on allegedly impermissible *Shepard* documents. Again, we cannot conclude that plain error has occurred. Our cases prior to *Descamps* consistently held that district courts could consider for ACCA enhancement purposes facts stated in the PSI to which a defendant did not object. Such facts were deemed admitted. *Ramirez-Flores*, 743 F.3d at 823 ("we have held that a sentencing court applying the modified categorical approach may consider undisputed facts contained in the PSI."). *Descamps* did not address this issue. And, post-*Descamps* this Court held that a district court properly relied on unobjected-to facts, although not addressing the precise issue now raised by

Johnson.  *Id.* at 823-24.

In *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), the Supreme Court held that the government may use the fact of a prior conviction to enhance a defendant's sentence without charging that prior conviction in the indictment or proving it to a jury beyond a reasonable doubt. *United States v. Beckles*, 565 F.3d 832, 846 (11th Cir. 2009).  Subsequently, in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), the Supreme Court held that any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  Although the Court has expressed doubts about its holding in *Almendarez-Torres*, it has declined to overrule that decision.  *Id.*; *see also Alleyne v. United States*, 570 U.S. __, 133 S.Ct. 2151, 2160 n.1, 186 L.Ed.2d 314 (2013).  We have consistently held that *Almendarez-Torres* remains binding law and that a district court may properly rely on a defendant's prior convictions to enhance his sentence.  *Beckles*, 565 F.3d at 846; *see also, e.g.*, *United States v. King*, 751 F.3d 1268, 1280 (11th Cir. 2014).  Because *Almendarez-Torres* remains good law, we reject Johnson's argument that a jury must find that he had the three predicate felonies.

A penal statute is void for vagueness if it is not sufficiently definite such that ordinary people cannot understand what conduct is prohibited and it encourages

arbitrary and discriminatory enforcement.  *Skilling v. United States*, 561 U.S. 358, 402-03, 130 S.Ct. 2896, 2927-28, 177 L.Ed.2d 619 (2010).  The residual clause of ACCA provides that a crime is a violent felony if it "otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  The Supreme Court has recently held that the residual clause is void for vagueness.  *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015).  The Court did not invalidate § 924(e)'s elements clause, which defines a violent felony as one that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  *United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015).

Johnson's void-for-vagueness challenge is foreclosed by the fact that his predicate felonies all fall under the elements clause.  Each of his predicate felonies was an armed robbery, which had as an element "the threatened use of force against the person of another."  United States v. Lockley, 632 F.3d 1238, 1245 (11th Cir. 2011).[1]  Johnson's remaining challenge likewise lacks merit, because he has failed to demonstrate that the district court plainly erred in relying on the

---

[1]     Because the Supreme Court's Johnson decision was rendered after the briefing in this case, we ordered supplemental briefing.  In his supplemental brief, Appellant here concedes:
> The Presentence Investigation Report lists Anthony Johnson's predicates as Florida convictions for robbery with a firearm or deadly weapon pursuant to Fl. Stat. §812.13(2)(a).  At this time, it is not plain error to find that Florida's abovementioned robbery offense qualified as a violent felony under ACCA in light of United States v. Lockley, 632 F.3d 1238 (11th Cir. 2011).  Accordingly, the [Supreme Court's] Johnson does not change the assessment of Florida robbery as a violent felony at this time.

undisputed facts of the PSI to determine the dates of his prior offenses. *Descamps* itself did not address the propriety of reliance on undisputed facts in the PSI, or how courts should determine whether prior felonies were committed on different occasions.[2] Accordingly, Johnson cannot demonstrate that any potential error committed by the district court was plain, and we affirm.

## VI

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). First, we ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines or failing to consider the § 3553(a) factors. *Id.* at 51, 128 S.Ct. at 597. If a sentence is free of procedural errors, we then determine whether the sentence imposed was substantively reasonable, taking into account the totality of the circumstances. *Id.* The party who challenges the sentence bears the burden of showing that it is unreasonable in light of the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

The district court must impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in 18 U.S.C.

---

[2] We note that this Court, in *United States v. Braun*, __ F.3d __, *12, 2015 WL 5201729 (11 Cir. Sept. 8, 2015), held that PSIs from previous, unrelated cases could not be used but it did not extend that holding to PSIs from the cases underlying the appeal.

13

§ 3553(a)(2), including the need to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from further crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2). Additionally, in imposing a particular sentence the court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, any relevant policy statements of the Sentencing Commission, the need to avoid unwarranted disparities in sentencing, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). The weight given to any particular factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). However, we will remand if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors." *United States v. Irey*, 612 F.2d 1160, 1190 (11th Cir. 2010) (*en banc*).

   Although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty also indicates that the sentence is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that a within-guideline sentence was reasonable in part because it was

14

well below the statutory maximum).

Here, Johnson's sentence is not procedurally unreasonable because, as discussed above, the ACCA enhancement was properly applied in this case. Likewise, Johnson's sentence is not substantively unreasonable because the district court did not abuse its discretion in giving greater weight to Johnson's criminal history than to his mitigating circumstances. Furthermore, the sentence imposed was within the guideline range, which we ordinarily expect to be reasonable, and was well below the statutory maximum term of life imprisonment. Accordingly, we affirm.

**AFFIRMED.**