NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1666

_____

UNITED STATES OF AMERICA

v.

TOREY DOBBIN, a/k/a Truck

Torey Dobbin,
                    Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 1-14-cr-00015-001)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Under Third Circuit LAR 34.1(a)
November 16, 2015

Before: AMBRO, HARDIMAN, and SLOVITER, Circuit Judges

(Filed: December 4, 2015)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Torey Dobbin appeals his conviction and sentence. Currently before us are: (1) his attorney's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), claiming that all potential grounds for this appeal are frivolous; (2) Dobbin's *pro se* brief; and (3) Dobbin's unopposed motion to seal volume three of the joint appendix. For the reasons that follow, we grant counsel's motion to withdraw, affirm the District Court's judgment and sentence, and seal volume three of the joint appendix.[1]

## I. Background

In September 2014, Dobbin pled guilty to one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and one count of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Because of his extensive criminal history, the United States Probation Department in its Pre-Sentence Investigation Report (PSR) classified Dobbin as a career offender. Pursuant to U.S.S.G. § 4B1.1(c), the PSR determined that the total Guidelines' range for Dobbin was 262 to 327 months. Dobbin moved for a downward departure from the Advisory Guidelines' range and the District Court granted a two-level reduction, yielding a Guidelines' range of 210 to 262 months' imprisonment. After considering the § 3553(a) factors, the Court imposed an aggregate sentence of 210 months' imprisonment to be followed by three years' supervised release.

## II. Discussion

Under our rules "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. L.A.R. 109.2(a). If we concur with counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Accordingly, our "inquiry . . . is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, Dobbin's attorney addresses and rejects three potential issues for appeal: whether (1) the District Court had jurisdiction; (2) the guilty plea was counseled and voluntary; and (3) the sentence was legal and reasonable. Our review of the record confirms counsel's assessment that there are no non-frivolous issues for appeal. We agree with counsel that the record presents no basis to appeal either the District Court's jurisdiction or the counseled and voluntary nature of the plea.

Although Dobbin makes arguments to the contrary, the record also provides no basis to appeal the legality or reasonableness of his sentence. District courts must follow a three-step process in imposing a sentence: (1) calculate the applicable Guidelines' range; (2) formally rule on any departure motions; and (3) exercise discretion in applying any relevant factors set forth in 18 U.S.C. § 3553(a). *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). As counsel explained in the *Anders* brief, the District Court precisely followed this three-step process: first, the Court calculated the Guidelines' range in accordance with U.S.S.G. § 4B1.1(c); second, it granted Dobbin's motion for a downward departure; and, third, it considered the potentially mitigating circumstances of Dobbin's life, as well as his criminal history and the seriousness of his conduct, in

3

determining that the sentence was appropriate. Because the Court followed proper sentencing procedures and sentenced Dobbin to a term of imprisonment at the bottom of the Guidelines' range, we cannot say that his sentence is either procedurally or substantively unreasonable.

Dobbin's attorney identified another possible avenue of appeal, but, as counsel notes, it would be frivolous. Dobbin could argue that he should not have been sentenced as a career offender. Individuals may be designated career offenders if they have "at least two prior felony convictions [for] crime[s] of violence. U.S.S.G. § 4B1.1(a). Dobbin could argue that his two predicate felony convictions should be treated as one because the incidents occurred near to one another (both geographically and temporally). However, the two prior sentences are considered distinct unless (1) "the sentences resulted from offenses contained in the same charging instrument" or (2) "the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2). Here, Dobbin's two prior sentences were imposed by separate courts on different days. Thus, any argument that they should be considered would fail.

In his *pro se* brief, Dobbin makes four arguments that his sentence was illegal and unreasonable; on independent review of the record, we conclude that each of these arguments is without merit. First, Dobbin alleges that the District Court "double-counted" the § 924(c) conviction by calculating the Advisory Guidelines' range based on the § 924(c) conviction and imposing the mandatory minimum sentence on that count. Under U.S.S.G. § 4B1.1(c), the Court properly relied on the § 924(c) conviction in determining the Guidelines' range. After determining that 210 months' imprisonment

4

was the appropriate aggregate sentence under the Guidelines, the Court allocated the aggregate sentence between the § 924(c) and Hobbs Act robbery convictions in accord with U.S.S.G. § 5G1.2(e): the mandatory minimum of 84 months to the § 924(c) conviction, and the remaining 126 months to the Hobbs Act robbery conviction. The Court therefore properly calculated Dobbin's sentence.

Second, Dobbin argues that his counsel's failure to challenge the use of his prior state robbery convictions as predicate offenses for career offender status was ineffective assistance of counsel. However, "the proper avenue for pursuing [ineffective assistance] claims is through a collateral proceeding in which the factual basis for the claim may be developed" rather than through a direct appeal. *United States v. Haywood*, 155 F.3d 674, 678 (3d Cir. 1998) (citation omitted). We therefore decline to rule on the ineffective assistance claim, and Dobbin may, if appropriate, pursue it through a *habeas corpus* proceeding in the District Court under 28 U.S.C. § 2255.

Third, Dobbin argues that his two prior armed robbery convictions are not "crimes of violence" for purposes of the career offender designation in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). U.S.S.G. § 4B1.2(a) defines a "crime of violence" as an offense that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In *Johnson*, the Supreme Court struck down the so-called residual clause of this definition – "or otherwise involves conduct that presents a serious potential risk of

physical injury to another" – as void for vagueness. 153 S. Ct. at 2563. But the remainder of the definition was left intact. *Id.* The record provides no indication that the District Court relied on the residual clause in designating Dobbin as a career offender. And because Dobbin was convicted of violating 18 Pa. C.S. § 3701(a)(1)(ii), which requires that the offender "threaten[] another with or intentionally put[] him in fear of immediate serious bodily injury," his convictions satisfy the first prong of the definition. *Johnson* therefore does not support a challenge to the career offender designation in this case.

Finally, Dobbin argues that the District Court improperly required him to participate in the Inmate Financial Responsibility Program. This is simply not the case; the Court ordered Johnson to pay $400 in fines and assessments, and Dobbin may pay this amount through the Inmate Financial Responsibility Program if he so chooses.

*     *     *     *     *

Dobbin's counsel fulfilled adequately the requirements of *Anders*. Because our independent review of the record fails to reveal any non-frivolous grounds for direct appeal, we grant counsel's motion to withdraw and affirm Dobbin's sentence. We also grant Dobbin's unopposed motion to seal volume three of the joint appendix because volume three is the transcript of a sealed sentencing proceeding in the District Court.