**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3664
_____

UNITED STATES OF AMERICA

v.

TOREY DOBBIN,
a/k/a Truck
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1:14-cr-00015-001)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 20, 2025
_____

Before:  CHAGARES, <u>Chief</u> <u>Judge</u>, BIBAS and FISHER,
<u>Circuit</u> <u>Judges</u>.

(Filed: August 11, 2025)
_____

M. Jason Asbell
Gibbel, Kraybill & Hess LLP
2933 Lititz Pike
P.O. Box 5349
Lancaster, PA 17606

     Counsel for Appellant

Gerald M. Karam
Carlo D. Marchioli
United States Attorney's Office
Sylvia H. Rambo U.S. Courthouse
1501 N. 6th Street, Box 202
Harrisburg, PA 17102

     Counsel for Appellee

_____

## OPINION OF THE COURT
_____

CHAGARES, Chief Judge.

Torey Dobbin appeals the denial of his motion to vacate his sentence under 28 U.S.C. § 2255. Dobbin alleges that his trial counsel was ineffective for failing to argue that the two prior convictions used to designate Dobbin as a career offender did not qualify as valid predicates under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The District Court denied relief without an evidentiary hearing. For the reasons below, we will affirm.

I.

A.

A two-count indictment charged Dobbin and two co-defendants with robbing a Cracker Barrel restaurant in Harrisburg, Pennsylvania.  They allegedly committed a Hobbs Act robbery and used firearms during a crime of violence, violating 18 U.S.C. §§ 1951 and 924(c), respectively.  Dobbin pled guilty to both counts.

The United States Probation Department recommended that Dobbin be designated as a career offender under the Guidelines, as he had committed two "crime[s] of violence." U.S.S.G. § 4B1.1(a) (2014).[1]  Two prior robbery convictions in Pennsylvania state court served as predicates for the designation:  one in Dauphin County and another in Cumberland County.  Dobbin objected to the career-offender designation, arguing through counsel that the two predicates should be treated as one.  The District Court overruled his objection and designated him as a career offender, sentencing him to 210 months of imprisonment.

Dobbin first appealed directly to this Court.  See United States v. Dobbin, 629 F. App'x 448, 450 (3d Cir. 2015).  His appellate counsel, however, determined that the appeal presented no issues of arguable merit and requested to withdraw under Anders v. California, 386 U.S. 738 (1967).

---

[1] This version of the Guidelines was in effect at the time of Dobbin's sentencing and therefore applies here.  See 18 U.S.C. § 3553(a)(4)(A)(ii).  Unless otherwise indicated, all citations to the Guidelines refer to the 2014 version.

After reviewing the <u>Anders</u> brief and Dobbin's <u>pro</u> <u>se</u> brief, as well as the Government's submissions, this Court upheld Dobbin's sentence and granted counsel's motion to withdraw. <u>Dobbin</u>, 629 F. App'x at 452. We also dismissed Dobbin's claim for relief under the Supreme Court's intervening decision in <u>Johnson v. United States</u> ("<u>Johnson 2015</u>"), 576 U.S. 591, 606 (2015), in which the Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague. <u>See</u> <u>Dobbin</u>, 629 F. App'x at 452; <u>see also</u> <u>United States v. Hopkins</u>, 577 F.3d 507, 511 (3d Cir. 2009) (noting that because the Guidelines' definition of a "crime of violence" is sufficiently similar to ACCA's definition of a "violent felony," "authority interpreting one is generally applied to the other"). We reasoned that the record did not indicate that the District Court relied on the residual clause of the Guidelines, U.S.S.G. § 4B1.2(a)(2), to designate Dobbin as a career offender. <u>Dobbin</u>, 629 F. App'x at 452.

We acknowledged Dobbin's argument that "his counsel's failure to challenge the use of his prior state robbery convictions as predicate offenses for career offender status was ineffective assistance of counsel." <u>Id.</u> But we declined to rule on that claim, noting that Dobbin could instead pursue it through a collateral proceeding under 28 U.S.C. § 2255. <u>Id.</u> (citing <u>United States v. Haywood</u>, 155 F.3d 674, 678 (3d Cir. 1998)).

B.

Dobbin followed that course after an unsuccessful petition for a writ of certiorari to the Supreme Court. <u>Dobbin v. United States</u>, 578 U.S. 1017 (2016) (mem.). He filed a <u>pro</u>

4

se motion to vacate his sentence under § 2255, alleging ineffective assistance of counsel. Court-appointed counsel supplemented his motion, arguing that trial counsel was ineffective for failing to argue that neither predicate offense was a crime of violence under the Guidelines. As for the Dauphin County predicate, Dobbin asserted that he ultimately pled guilty to burglary, not the initial charge of robbery. And regarding the Cumberland County predicate, Dobbin argued that his plea colloquy does not reveal which subsection of the Pennsylvania robbery statute he violated, leaving open the possibility that he was convicted of committing a robbery that would not be a crime of violence. Dobbin also argued that the principal conviction for Hobbs Act robbery was not a crime of violence either.

The Government responded with various state court records. Among other things, those records included plea agreements from Dauphin County, suggesting that Dobbin was convicted of both robbery and burglary. Other records the Government provided include reports of judicial criminal proceedings from the Administrative Office of the Pennsylvania Courts ("JCP reports"), commitment documents indicating restitution amounts ("DC-300B forms"), and forms from the Pennsylvania Commission on Sentencing. The Government also provided charging documents from Cumberland County, which cite a subsection of the Pennsylvania robbery statute that constitutes a crime of violence. Appendix ("App.") 96–97 (citing 18 Pa. Cons. Stat. § 3701(a)(1)(ii)).

The District Court denied Dobbin's § 2255 motion without an evidentiary hearing in 2017. It first reasoned that state court records showed that he pled guilty to robbery as well

5

as burglary in Dauphin County.  The District Court likewise found that records from Cumberland County showed that Dobbin pled guilty to robbery there as well, specifically violating 18 Pa. Cons. Stat. § 3701(a)(1)(ii).  Both predicates sufficed to designate Dobbin as a career offender, the District Court concluded, because this Court had held that "any conviction for robbery under the Pennsylvania robbery statute, regardless of the degree, has as an element the use of force against the person of another."  App. 7–8 (quoting United States v. Cornish, 103 F.3d 302, 309 (3d Cir. 1997), abrogated by, Johnson v. United States ("Johnson 2010"), 559 U.S. 133 (2010), as recognized in, United States v. Peppers, 899 F.3d 211 (3d Cir. 2018)).  The District Court likewise rejected Dobbin's Hobbs Act robbery argument, holding that Third Circuit precedent controlled the issue.

Dobbin timely appealed and asked this Court to issue a certificate of appealability ("COA").  See 28 U.S.C. § 2253(c)(1).  We first stayed the appeal pending disposition of United States v. Harris, 68 F.4th 140 (3d Cir.), reh'g en banc denied, 88 F.4th 458 (3d Cir. 2023) (mem.).[2]  After lifting the stay, we granted Dobbin's motion for a COA in part, only as to his claims about the Dauphin and Cumberland County predicates.

---

[2] The decision in Harris ultimately shed little light on Dobbin's appeal, as the Court did not address whether a first-degree robbery under Pennsylvania law constituted a crime of violence.  See 68 F.4th at 148 n.7.

6

## II.

The District Court had jurisdiction over this action under 28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. §§ 1291 and 2253. "In a federal habeas corpus proceeding, we exercise plenary review of the district court's legal conclusions and apply a clearly erroneous standard to the court's factual findings." Lambert v. Blackwell, 134 F.3d 506, 512 (3d Cir. 1997). We review the denial of a § 2255 evidentiary hearing for abuse of discretion. See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005). A district court "abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief." Id. at 546.

Sixth Amendment claims alleging ineffective assistance of counsel must adhere to the framework outlined in Strickland v. Washington, 466 U.S. 668, 687–88 (1984), which requires a defendant to show both that counsel's performance was deficient and that such deficiency prejudiced him. See also Hill v. Lockhart, 474 U.S. 52, 58 (1985) (applying this framework to challenges to guilty pleas). In the sentencing context, a defendant "must demonstrate that, but for his trial attorney's alleged ineffectiveness, he would have likely received a lower sentence." Booth, 432 F.3d at 546–47. A § 2255 evidentiary hearing is therefore not warranted if "the movant's Strickland claim fails as a 'matter of law.'" United States v. Arrington, 13 F.4th 331, 335 (3d Cir. 2021) (quoting United States v. Dawson, 857 F.2d 923, 929 (3d Cir. 1988)).

7

III.

Central to Dobbin's challenge is his designation as a career offender during sentencing. To qualify as a career offender, a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense," among other things. U.S.S.G. § 4B1.1(a). The 2014 Guidelines define a "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that —
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 4B1.2(a). Subparagraph (1) is known as the "elements clause," as it requires a qualifying crime to include an element involving physical force. The first part of subparagraph (2) is known as the "enumerated offenses clause," listing various generic crimes that would also qualify.[3] The last clause of

---

[3] The first application note to § 4B1.2 lists additional crimes that qualify as crimes of violence, including "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of

8

subparagraph (2) is known as the "residual clause," a catchall provision covering other kinds of violent convictions.[4]

We employ the categorical approach to determine whether a previous conviction qualifies as a crime of violence under the Guidelines.  See United States v. Wilson, 880 F.3d 80, 83–84 (3d Cir. 2018).  As applied to the elements clause, the categorical approach requires us to "ask whether the offense in question 'always' involves the use, attempted use, or threatened use of force."  Delligatti v. United States, 145 S. Ct. 797, 803 (2025) (quoting United States v. Taylor, 596 U.S. 845, 850 (2022)).  Even someone convicted for actually using physical force may not have committed a crime of violence under the elements clause if the statute does not necessarily require force (or the attempt or threat of it) to commit the crime.  See United States v. Ramos, 892 F.3d 599, 606 (3d Cir. 2018) ("[T]he categorical approach requires courts not only to ignore the actual manner in which the defendant committed the prior offense, but also to presume that the defendant did so by

_____

credit, and burglary of a dwelling."  U.S.S.G. § 4B1.2 cmt. n.1.  Though robbery is listed and thus "'enumerated' for purposes of the crime-of-violence analysis," a robbery conviction qualifies as a crime of violence under the enumerated offenses clause only if it matches the "generic" definition of the offense.  United States v. Marrero, 743 F.3d 389, 398–99 (3d Cir. 2014), abrogated on other grounds by, Johnson 2015, 576 U.S. 591.

[4] Although ACCA's residual clause was declared unconstitutionally vague in Johnson 2015, the Court subsequently held in Beckles v. United States, 580 U.S. 256, 259 (2017),  that the parallel language of § 4B1.2(a)(2) was not subject to vagueness challenges.

engaging in no more than 'the minimum conduct criminalized by the state statute.'" (quoting Moncrieffe v. Holder, 569 U.S. 184, 191 (2013))).

When the statute of conviction is divisible into alternative criminal offenses, as here, the modified categorical approach applies. See Mathis v. United States, 579 U.S. 500, 505–06 (2016). That approach requires a court to look not only at the statute, but also charging documents, plea agreements and colloquies, and comparable judicial records to identify which specific statutory provision served as the basis of conviction. See United States v. Abdullah, 905 F.3d 739, 744 (3d Cir. 2018). The categorical approach then applies to that particular subsection.

A divisible statute relevant here is Pennsylvania's robbery statute. See Peppers, 899 F.3d at 232. When Dobbin was convicted of his prior felonies, that statute provided:

(1)    A person is guilty of robbery if, in the course of committing a theft, he:

    (i)   inflicts serious bodily injury upon another;

    (ii)  threatens another with or intentionally puts him in fear of immediate serious bodily injury;

    (iii) commits or threatens immediately to commit any felony of the first or second degree;

    (iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or

10

(v) physically takes or removes property from the person of another by force however slight.

18 Pa. Cons. Stat. § 3701(a)(1) (1976).[5]  To determine whether a prior robbery conviction qualifies as a crime of violence, a court must therefore use the modified categorical approach to deduce which subsection served as the basis of conviction and whether that kind of robbery is a crime of violence.  See United States v. Blair, 734 F.3d 218, 225 (3d Cir. 2013).  Using that approach, this Court has held that robbery under subsection (ii) constitutes a crime of violence.  United States v. Henderson, 80 F.4th 207, 215 (3d Cir. 2023), cert. denied, 144 S. Ct. 1379 (2024) (mem.).

Dobbin contends that he has made colorable claims that neither the Dauphin County predicate nor the Cumberland County predicate constitutes a crime of violence, and asserts that he is entitled to an evidentiary hearing in the District Court.  Under 28 U.S.C. § 2255(b), an evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  A district court therefore must "consider[ ] as true all appellant's

---

[5] "Robbery under subsection (a)(1)(iv) is a felony of the second degree; robbery under subsection (a)(1)(v) is a felony of the third degree; otherwise, it is a felony of the first degree."  18 Pa. Cons. Stat. § 3701(b).  In Pennsylvania, the maximum term of imprisonment is twenty years for a first-degree felony, ten for a second-degree felony, and seven for a third-degree felony.  Id. § 1103; see also id. § 1101(2)–(3) (setting maximum fines of $25,000 for first- or second-degree felonies and $15,000 for third-degree felonies).

11

nonfrivolous factual claims" and then "determine whether, on the existing record, those claims that are nonfrivolous conclusively fail to show ineffective assistance of counsel." Arrington, 13 F.4th at 334 (alteration in original) (quoting Dawson, 857 F.2d at 927–28).

A.

Dobbin first argues that he was convicted of burglary, not robbery, in Dauphin County. To that end, he furnishes a guilty plea colloquy from Dauphin County that refers only to burglary and other lesser crimes. See App. 181. He faults the District Court for declining to address this plea colloquy and instead referring to other documents to find that he was convicted of robbery. An evidentiary hearing is therefore required, according to Dobbin, to settle the matter of which felony he committed.

But the state court records the Government supplied tell a fuller story. One JCP report revealed that Dobbin indeed pled guilty to robbery, receiving a sentence of 6½ to 20 years of imprisonment. Another JCP report describes Dobbin's guilty plea for burglary, for which he received a sentence of 1 to 10 years of imprisonment to run consecutive to his robbery sentence. One DC-300B form provides that Dobbin was sentenced for committing robbery under 18 Pa. Cons. Stat. § 3701(a)(1)(ii), while another DC-300B form with a different case number provided that Dobbin was sentenced for committing burglary under 18 Pa. Cons. Stat. § 3502. One restitution form indicated that Dobbin was to pay restitution to Restaurant Management Corp. under the case number associated with robbery, while another ordered restitution to Peter's Mountain Sport Supply under the case number

12

associated with burglary. These forms correspond to the plea agreements the Government provided: one for burglary and the other for robbery. The first notes that in August 1997, Dobbin and his co-conspirators broke into a Peter's Mountain Sports Supply and burglarized the store. Yet the other plea agreement describes how weeks later, Dobbin and others carried out an armed robbery of a Hardee's Restaurant, violating 18 Pa. Cons. Stat. § 3701(a)(1)(ii). Dobbin signed both plea agreements.

But those documents, Dobbin says, may not be the kind of sufficiently reliable documents permitted under Shepard v. United States, 544 U.S. 13 (2005), to establish that he committed a crime of violence, rather than the guilty plea colloquy he provided. In Shepard, the Supreme Court limited the kinds of documents a court could review to ascertain whether a defendant had committed a "violent felony" under ACCA. Id. at 15–16. Looking to court records may be necessary to deduce which subpart of the statute formed the basis of a conviction. But the Court explained that "respect for congressional intent and avoidance of collateral trials" require a sentencing court to take "only a restricted look beyond the record of conviction under a nongeneric statute." Id. at 23. When employing the modified categorical approach, a court is therefore "limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Id. at 26.

The strictures of Shepard, however, do not apply to determining the fact of a prior conviction. In Shepard, the Supreme Court restricted the scope of documents used to show

whether a prior conviction could be characterized as a violent felony under the modified categorical approach. That legal question is distinct from the factual question of whether a prior conviction exists in the first place. "Establishing the fact of a prior crime is a more discrete inquiry that is not as susceptible to the lengthy and cumbersome collateral trials" that the Supreme Court sought to avoid in Shepard. United States v. Bryant, 571 F.3d 147, 154 (1st Cir. 2009). Courts of Appeals from our sister circuits agree that courts may consider non-Shepard documents to establish the fact of a conviction, rather than its character as a crime of violence. See, e.g., id.; United States v. Witherspoon, 974 F.3d 876, 879 (8th Cir. 2020); United States v. Ortega-Calderon, 814 F.3d 757, 760 (5th Cir. 2016); United States v. Carter, 591 F.3d 656, 661–62 (D.C. Cir. 2010); United States v. Felix, 561 F.3d 1036, 1045 (9th Cir. 2009); United States v. Sanders, 470 F.3d 616, 623–24 (6th Cir. 2006); United States v. Zuniga-Chavez, 464 F.3d 1199, 1204 (10th Cir. 2006). We join them today.

Dobbin points to alleged inaccuracies in the DC-300B forms and the JCP reports, but these imperfections, even if true, do not amount to clear error. He notes a few typos in the name of the prosecutor and the fine amount on the forms, but "we do not look at whether the evidence was infallible, only whether it had 'sufficient indicia of reliability to support its probable accuracy.'" Zuniga-Chavez, 464 F.3d at 1204 n.4 (quoting U.S.S.G. § 6A1.3(a) (2003)). The state records the District Court consulted show convincingly that Dobbin received two different sentences: one for burglarizing a supply store, and the other for robbing a restaurant. This record evidence satisfies us that there was no clear error in the District Court's factual findings.

14

The District Court therefore had sufficient factual evidence before it to conclude that Dobbin was convicted of not only burglary, but also robbery in Dauphin County. That robbery, a violation of 18 Pa. Cons. Stat. § 3701(a)(1)(ii), qualified as a crime of violence as defined by the elements clause of the Guidelines. See Henderson, 80 F.4th at 215. Because "the files and records of the case conclusively show[ed]" that Dobbin was "entitled to no relief," 28 U.S.C. § 2255(b), the District Court did not abuse its discretion as to this predicate.[6]

## B.

### 1.

Dobbin next argues that his Cumberland County predicate does not qualify as a crime of violence either. He points to the use of the term "recklessly" in the charging document to suggest that he could have committed a robbery with a mens rea of only recklessness. As the Supreme Court

---

[6] The Government asserts that, in the alternative, Dobbin's burglary conviction alone would have qualified as a crime of violence under the residual clause of the Guidelines. See Gov't Br. 23; cf. James v. United States, 550 U.S. 192 (2007) (holding that an attempted burglary under Florida law was a violent felony under ACCA's residual clause), overruled by, Johnson 2015, 576 U.S. 591. Because we conclude that the District Court's factual findings were sufficient to establish that Dobbin committed robbery in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(ii) in Dauphin County, we need not determine whether his burglary conviction was a standalone crime of violence as well.

has held, crimes requiring only a <u>mens rea</u> of recklessness cannot be crimes of violence under the elements clause. <u>See Borden v. United States</u>, 593 U.S. 420, 435 (2021) (plurality opinion) (explaining that "the 'against' phrase in that clause modifies the 'use of physical force,'" which together "exclude[] recklessness"); <u>id.</u> at 446 (Thomas, J., concurring in the judgment). Dobbin thus asserts that his trial counsel could have argued that his robbery conviction could have been under subsections (i) or (iv), either of which he says allows for a <u>mens rea</u> of recklessness and thus would not qualify as a crime of violence. The Government counters with <u>Shepard</u> documents from Cumberland County, suggesting that Dobbin pled guilty to a violation of § 3701(a)(1)(ii).

The Government first argues, however, that this Court's decision on direct appeal forecloses Dobbin's argument. Because we noted that "Dobbin was convicted of violating 18 Pa. [Cons. Stat.] § 3701(a)(1)(ii)," <u>Dobbin</u>, 629 F. App'x at 452, the Government contends that Dobbin cannot revisit the issue of what kind of robbery he committed in Cumberland County. Dobbin responds that on direct appeal, this Court expressly declined to consider that argument, which invoked ineffective assistance of counsel.

Dobbin is correct on this score. It is true that a § 2255 petitioner generally "may not relitigate issues that were adjudicated . . . on direct appeal." <u>United States v. Palumbo</u>, 608 F.2d 529, 533 (3d Cir. 1979) (per curiam). But our conclusion with respect to Dobbin's robbery convictions focused solely on whether <u>Johnson 2015</u> provided an avenue to relief. We held that Dobbin's sentence did not rely on the residual clause of the Guidelines (which, in retrospect, would have been proper anyway under the Supreme Court's later

16

decision in Beckles), Dobbin, 629 F. App'x at 452, but we had no occasion to address whether ineffective assistance of counsel resulted in some other proposed error. We "decline[d] to rule on the ineffective assistance claim," id., which Dobbin has properly pursued through the collateral proceeding at issue in this appeal. We will therefore turn to the merits of Dobbin's argument regarding his Cumberland County predicate.

2.

Our precedent once dictated that every kind of robbery under Pennsylvania law was a crime of violence under the elements clause. We reasoned that "any conviction for robbery under the Pennsylvania robbery statute, regardless of the degree, has as an element the use of force against the person of another." Cornish, 103 F.3d at 309 (holding that third-degree robbery, a violation of § 3701(a)(1)(v), qualified as a violent felony under ACCA). But in Johnson 2010, the Supreme Court clarified that the phrase "physical force" in the elements clause of ACCA (and mirrored in the Guidelines) "means violent force — that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140. We accordingly recognized that "Johnson 2010 abrogated our holding in Cornish with respect to third degree robbery under Pennsylvania law." Peppers, 899 F.3d at 233.

Yet the District Court's reliance on Cornish does not mean that we must vacate its judgment. Cornish involved only third-degree robbery, which requires "physically tak[ing] or remov[ing] property from the person of another by force however slight." 18 Pa. Cons. Stat. § 3701(a)(1)(v). Our recognition that not all robberies under Pennsylvania law are crimes of violence does not mean that none is. In Henderson,

17

we concluded that robbery under § 3701(a)(1)(ii) "qualifies as a crime of violence" because "it contemplates a level of force that is capable of causing physical pain or injury." 80 F.4th at 212; see also Stokeling v. United States, 586 U.S. 73, 83 (2019) ("Johnson [2010] did not purport to establish a force threshold so high as to exclude even robbery from ACCA's scope.").

We must therefore assess, under the modified categorical approach, which subsection of Pennsylvania's robbery statute applied to Dobbin's conviction for robbery in Cumberland County and whether that kind of robbery is a crime of violence. Here is where Shepard's limitations apply. Unlike for the Dauphin County predicate, the dispute over the Cumberland County predicate is a legal one (how to characterize a prior conviction) rather than a factual one (whether this conviction occurred). The District Court was therefore restricted in its review of state court records, as are we. Only "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information" can inform our analysis of which subsection Dobbin's conviction falls under. Shepard, 544 U.S. at 26.

Those state court records, though limited, reveal that Dobbin indeed pled guilty to violating § 3701(a)(1)(ii) in Cumberland County. The Cumberland County court document memorializing Dobbin's plea refers to robbery broadly, without reference to any subsection. But the criminal information charged Dobbin with two counts of robbery, stating that he "intentionally, knowingly or recklessly, in the course of committing a theft, threaten[ed] another with or intentionally put another in fear of immediate serious bodily

18

injury." App. 255. This language most closely tracks § 3701(a)(1)(ii), which the information cites on the following page.

Dobbin's point that the information refers to recklessness is well taken but ultimately unavailing. We have noted that both clauses of § 3701(a)(1)(ii) require a knowing or intentional state of mind: "[T]he first clause's use of the phrase 'threatens another' addresses a specific type of act, namely a communication that conveys an intent to harm . . . . The second clause uses the phrase 'intentionally puts him in fear.'" Henderson, 80 F.4th at 215 n.8 (quoting 18 Pa. Cons. Stat. § 3701(a)(1)(ii)). Adopting Dobbin's reading that the word "recklessly" alone outweighs the statutory citation to subsection (ii) would require an illogical construction of the information: that he "intentionally, knowingly or recklessly, in the course of committing a theft, . . . intentionally put another in fear of immediate serious bodily injury." App. 255. Mistaken language notwithstanding, Dobbin could not have been convicted under any portion of subsection (ii) with a mens rea of recklessness under Pennsylvania law.

Dobbin's theory that he was possibly convicted of a reckless robbery under a different subsection of Pennsylvania law introduces more anomalies than it purports to resolve. He first suggests § 3701(a)(1)(i) as an alternative. But that provision requires "inflict[ing] serious bodily injury upon another," which is alleged nowhere in the record. He next proposes that § 3701(a)(1)(iv) is a possibility. That provision is closer to this case, but it requires only the infliction or threat of bodily injury, not serious bodily injury as in subsection (ii) and as alleged in the information. More to the point, a robbery under subsection (iv) constitutes only a second-degree felony,

19

while a robbery under subsection (ii) is a felony of the first degree. See 18 Pa. Cons. Stat. § 3701(b). But Dobbin was subject to a maximum of twenty years of imprisonment for a first-degree felony according to the information. See App. 255 (listing "F1," "$25,000.00," and "20 Years" next to Dobbin's robbery charge).[7] No other subsection of Pennsylvania's robbery statute fits Dobbin's conviction except for subsection (ii).

Our precedent applying the modified categorical approach aligns with this conclusion. We addressed and disposed of a similar argument in United States v. McCants, 952 F.3d 416 (3d Cir. 2020). The defendant in McCants likewise argued that he could have been convicted under another subsection of New Jersey's robbery statute that did not require violent force. See id. at 427–28 (citing N.J. Stat. Ann. § 2C:15-1(a)(3)). The charging documents in that case did "not state explicitly which subsection of the statute McCants was convicted under," but a review of the plea colloquy revealed that he admitted to threatening or attempting to threaten another with force in committing the robbery. Id. at 427. That admission "most closely match[ed]" the subsection of the New Jersey robbery statute that qualified as a crime of violence. Id. at 428 (citing N.J. Stat. Ann. § 2C:15-1(a)(2)). And the legal impossibility of recklessness applying to Dobbin's conviction distinguishes this case from others this Court has encountered. For example, we noted the inclusion

---

[7] Other charges on the information confirm that this nomenclature aligns with a first-degree felony charge. See, e.g., App. 256 (listing "F3," "$15,000.00," and "7 Years" next to a charge of carrying firearms without a license, a third-degree felony under 18 Pa. Cons. Stat. § 6106(a)(1)).

of similar language in an indictment alleging simple assault under Pennsylvania law.  See United States v. Otero, 502 F.3d 331, 335 n.5 (3d Cir. 2007).  But unlike robbery under subsection (ii), simple assault can be committed recklessly and was thus not a crime of violence.  See id. at 334–35 (quoting 18 Pa. Cons. Stat. § 2701(a)(1)).

Here we face the inverse scenario of McCants, where a plea colloquy broadly outlines Dobbin's guilty plea for robbery, but the charging documents more specifically lay out his violation of § 3701(a)(1)(ii).  The lesson remains the same.  The District Court could reference this "limited class of documents" under Shepard to "determine which of a statute's alternative elements formed the basis of the defendant's prior conviction."  Descamps v. United States, 570 U.S. 254, 262 (2013); see also United States v. Tucker, 703 F.3d 205, 216 (3d Cir. 2012) ("Shepard itself affirmed that 'the details of a generically limited charging document . . . in any sort of case' are sufficient to establish a predicate." (quoting Shepard, 544 U.S. at 21)).  An errant reference to recklessness does not overcome subsection (ii)'s tracked language, associated penalties, and direct citation in the information.  Because a conviction for robbery under that subsection is a crime of violence, the District Court did not err as to the Cumberland County predicate either.[8]

---

[8] Dobbin likewise suggests in a footnote that the Dauphin County predicate suffers from the same flaw as the Cumberland County predicate.  See Dobbin Br. 22 n.5.  We reject this argument for many of the same reasons discussed above.  As in the information for the Cumberland County predicate, the information for the Dauphin County predicate cites § 3701(a)(1)(ii) directly and includes the same language

21

3.

Even if Pennsylvania law allowed for a reckless version of robbery under subsection (ii), contra our holding in Henderson, we would still be compelled to affirm. The Supreme Court's decision in Borden makes clear that reckless crimes cannot qualify as crimes of violence under the elements clause. 593 U.S. at 445 (plurality opinion). The Supreme Court also suggested that reckless crimes could not qualify under the residual clause either. See United States v. Lee, 612 F.3d 170, 196 (3d Cir. 2010) (citing Begay v. United States, 553 U.S. 137, 144–45 (2008)). But the enumerated offenses clause allows for some reckless offenses to qualify as crimes of violence. Manslaughter, for instance, is listed in the application note to the Guidelines and thus enumerated as a crime of violence, but that offense may be committed

on "inflict[ing] or threaten[ing] to inflict serious bodily injury upon another or intentionally put[ting] another in fear of immediate serious bodily injury." App. 131.

The Government also argues that robberies under subsections (i) and (iv) would qualify as a crime of violence under the enumerated offenses clause, asserting that such robberies match the definition of generic robbery used in the application note of the Guidelines. See Gov't Br. 33–46; see also United States v. Ball, 870 F.3d 1, 5–6 (1st Cir. 2017) (holding that robbery under 18 Pa. Cons. Stat. § 3701(a)(1)(iv) is a crime of violence under both the enumerated offenses clause and the residual clause of the Guidelines). We need not address this argument, as we conclude that Dobbin committed a crime of violence by violating § 3701(a)(1)(ii) in Cumberland County.

22

recklessly. See Model Penal Code § 210.3(1)(a) (describing manslaughter as a homicide "committed recklessly") (A.L.I. 1985). This Court has accordingly held that other reckless crimes under Pennsylvania law, such as third-degree murder and aggravated assault, were crimes of violence under the enumerated offenses clause. See Marrero, 743 F.3d at 398; United States v. McQuilkin, 97 F.3d 723, 727–28 (3d Cir. 1996). And just like murder, manslaughter, and aggravated assault, robbery is listed in the application note to the Guidelines. U.S.S.G. § 4B1.2 cmt. n.1. So Dobbin's robbery conviction under § 3701(a)(1)(ii), even if premised on only reckless conduct, may still qualify as a crime of violence under the enumerated offenses clause.

But we need not decide whether a violation of § 3701(a)(1)(ii) falls under the enumerated offenses clause. Dobbin, as the movant, bears the burden of showing that his Strickland claim is cognizable. See Peppers, 899 F.3d at 235. While Dobbin argues that robbery under subsections (i) or (iv) do not qualify under the enumerated offenses clause, he makes no such argument for subsection (ii). That argument was thus forfeited. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017) ("'[F]orfeiture is the failure to make the timely assertion of a right,' an example of which is an inadvertent failure to make an argument." (alteration in original) (quoting United States v. Olano, 507 U.S. 725, 733 (1993))). Dobbin's robbery conviction in Cumberland County therefore remains a valid predicate offense alongside his robbery conviction in Dauphin County.

\* \* \* \* \*

23

Dobbin committed two crimes of violence — a robbery in Dauphin County and a robbery in Cumberland County — and was correctly designated as a career offender under the Guidelines. His trial counsel therefore was not ineffective in failing to argue against this designation on Dobbin's proposed grounds.

## IV.

For the foregoing reasons, we will affirm the judgment of the District Court.